Behn, Recurrente, v. El Registrador de San Juan, Sección Primera, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección 1ª., inscribiendo con defectos subsanables una escritura de venta, cesión y entrega de bienes.

No. 350.—Resuelto en febrero 19, 1918.

Recurso Gubernativo—Inscripción con Defectos Subsanables—Discusión en cuanto a la Validez del Documento—Materia Ajena al Recurso.—Cuando un documento sobre venta, cesión y entrega de bienes, ha sido calificado de válido por el registrador e inscrito aunque con defectos subsanables, pues de estimar que adoleciera de alguna falta que produjera necesariamente la nulidad de la obligación hubiera denegado la inscripción cumpliendo el deber que le impone el artículo 65 de la Ley Hipotecaria, en el recurso respecto de los defectos apuntados no puede discutirse la validez del documento por ser materia ajena al recurso, cuyo estudio debe limitarse a considerar y resolver si verificada la inscripción procede la anotación de dichos defectos.

Compraventa — Precio Cierto — Convenios Estipulados — Defectos Subsanables.—Cuando en una escritura de venta, cesión y entrega de bienes se hace constar por modo claro que no existe precio alguno de venta a devolver y que el único recibido por el vendedor del comprador como causa o consideración del contrato consiste en los convenios estipulados en la escritura, pero el registrador, eso no obstante, y el texto del artículo 1348 del Código Civil, según el cual en el contrato de compraventa uno de los contratantes se obliga a entregar una cosa determinada y el otro a dar por ella un precio cierto en dinero o signo que lo represente, estima que las partes habían celebrado un contrato de compraventa, está impedido al verificar la inscripción, de exigir que se consignara un precio distinto del que entendió que las partes habían fijado como tal.

Id.—Nombre de la Esposa del Adquirente—Defecto Subsanable.—La falta de expresión en la escritura del nombre de la esposa del adquirente constituye un defecto subsanable.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Oscar B. Frazer.*

El registrador interino recurrido, Sr. Manuel Paz Urdaz, compareció en nombre propio.

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Por escritura pública otorgada en la ciudad de New York a 24 de agosto de 1917 ante el notario Edward E. Miller, por los abogados Edward S. Paine y Francis E. Neagle, como apo-

derados respectivamente de Sosthenes Behn, soltero, y Hernand Behn, casado, sin que conste el nombre de su esposa, el primero vende, cede y entrega al segundo varios bienes de su propiedad que especifica, entre ellos los siguientes: A, la mitad proindiviso de la finca denominada El Condado, ubicado en los sitios de El Condado y Bayola, sección norte del barrio de Santurce de esta ciudad; C, una casa de dos plantas, de mampostería y azotea, en la calle de Tetuán; D, un solar radicado en el sitio El Condado ya expresado; E, otro solar también ubicado en el propio sitio El Condado: cuyas fincas todas se describen en la escritura.

En dicho documento se hace constar por ambas partes contratantes que el único precio recibido por Sosthenes Behn de Hernand Behn como causa o consideración de la venta consiste en los convenios estipulados, y que por consiguiente no existe precio alguno de venta a devolver. Los convenios principales son los que expresamos a continuación: 1º. Sosthenes Behn se reserva para sí y para sus herederos, representantes o cesionarios el derecho de redimir todos o cualquiera parte de los bienes traspasados, por un término de diez años a contar de la fecha del documento, pagando Sosthenes Behn, sus herederos, representantes o cesionarios, en el caso de que se ejercite el derecho de redención, los gastos del contrato celebrado y los del retracto, todos los pagos legítimos que se hicieren por razón de la venta, y los gastos útiles y necesarios en que se incurra por las cosas dadas en venta; 2º. En caso de que Sosthenes Behn, sus herederos, representantes o cesionarios ejerciten el derecho de redención se obliga Hernand Behn por sí y por sus herederos, representantes o cesionarios, a pagar al redimente el importe de de todas las entradas, rentas, frutos y mejoras de cualquier naturaleza, con deducción de los gastos y cargas debidas, otorgando además todos los documentos públicos o privados que fueren necesarios o prudentes a evidenciar o efectuar la redención de los bienes; 3º. Hernand Behn, sus herederos, representantes o cesionarios tendrán en cualquier tiempo

anterior a la fecha en que haya de ejercitarse el derecho de redención, el derecho a vender o permutar en todo o en parte los bienes traspasados, con sus frutos o productos, libres de cualquier derecho de redención, cuyo derecho para tal caso queda renunciado y cancelado. Los productos, dineros o bienes recibidos de alguna venta o permuta con deducción de los gastos debidos en que efectivamente se incurriere, quedarán sujetos al derecho de redención y en caso de que tal derecho llegare a ejercitarse o en caso de requerimiento por parte de Sosthenes Behn, sus herederos, representantes o cesionarios, se verificará a éstos la correspondiente entrega: 4°. Hernand Behn, sus herederos, representantes o cesionarios, tendrán el derecho de arrendar por cualquier período de tiempo, en parte o en todo, los bienes traspasados, sus frutos o productos o bienes por ellos sustituídos, quedando los derechos de Sosthenes Behn y de sus causahabientes afectos a los términos y condiciones de los arrendamientos que se hagan; 5°. Hernand Behn, sus herederos, representantes o cesionarios, tendrán derecho a hipotecar, pignorar o gravar en cualquiera otra forma, parcial o totalmente, los bienes transferidos, sus frutos o productos o bienes con que fueren sustituídos, quedando sujetos los derechos y dominio de Sosthenes Behn a las obligaciones y derechos así creados; 6°. Hernand Behn, sus herederos, representantes o cesionarios, rendirán cuentas en caso de que se ejercitare el derecho de redención, a Sosthenes Behn o sus causahabientes, de cualquiera de las sumas de dinero o bienes recibidos con arreglo a la anterior estipulación; 7°. Sosthenes Behn o sus causahabientes no responderán de garantía alguna expresa o implícita en virtud de precepto de ley, con relación a cualquiera de los bienes transferidos; 8°. Hernand Behn, en caso de destrucción o pérdida de cualquiera de los bienes traspasados o de cualesquiera entradas, rentas, frutos o producto de los mismos, no será responsable, con excepción del caso en que la destrucción o pérdida sea debida a mala conducta o grave negligencia.

Presentada en el Registro de la Propiedad de San Juan, Sección 1ª., la escritura de que se trata para su inscripción en cuanto a las fincas A, C, D y E, el registrador verificó la inscripción con fecha 28 de noviembre de 1917 en cuanto a las fincas descritas bajo las letras A, C, y D, y la denegó en cuanto a la finca letra E por no estar inscrita a nombre del vendedor, tomando en su lugar anotación preventiva por el término legal, y consignando tanto en las inscripciones como en la anotación "los defectos subsanables de no estar claramente determinado el precio fijado para la venta y no constar el nombre de la esposa del adquirente Hernand Behn."

Dicha nota ha sido recurrida para ante esta Corte Suprema por la representación de Hernand Behn, que solicita su revocación en cuanto a los dos defectos subsanables apuntados.

El documento de 24 de agosto de 1917 ha sido calificado de válido por el registrador, pues de estimar que adoleciera de alguna falta que produjera necesariamente la nulidad de la obligación hubiera denegado la inscripción cumpliendo el deber que le impone el artículo 65 de la Ley Hipotecaria. No podemos hoy discutir la validez del documento por ser materia ajena al presente recurso, cuyo estudio debe limitarse a considerar y resolver si verificada como ha sido la inscripción procede la anotación de los dos defectos anotados por el registrador.

En la escritura se hace constar por modo claro que no existe precio alguno de venta a devolver y que el único recibido por el vendedor del comprador como causa o consideración del contrato consiste en los convenios estipulados en la escritura. Habiendo estimado el registrador, no obstante las anteriores manifestaciones y el texto del artículo 1348 del Código Civil, según el cual en el contrato de compraventa uno de los contratantes se obliga a entregar una cosa determinada y el otro a dar por ella un precio cierto en dinero o signo que lo represente, que las partes habían celebrado un contrato de compraventa, estaba impedido de exigir que se

consignara un precio distinto del que él entendió que las partes habían fijado como tal. Dada la calificación del contrato hecha por el registrador, no existe el primer defecto subsanable apuntado.

En cuanto al segundo defecto nos referimos a nuestras decisiones en los casos de *Ortiz* y de *Delgado* v. *El Registrador de San Germán,* 23 D. P. R. 702 y 704, respectivamente, que sostienen ser subsanable el mencionado defecto.

Nuestras decisiones en los casos de *Ramos* v. *El Registrador,* 16 D. P. R. 60, y *Vega* v. *El Registrador,* 23 D. P. R. 799, no son de aplicación, pues no se refieren a inscripciones de escrituras públicas sino de sentencias dictadas en expedientes de dominio.

Es de revocarse la nota recurrida en cuanto al defecto subsanable de no estar claramente determinado el precio fijado para la venta, y confirmarse en cuanto al otro defecto subsanable de no constar el nombre de la esposa del comprador Hernand Behn.

> *Revocada la nota recurrida en cuanto al primer defecto y confirmada en cuanto el segundo.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.